FILED
MAY 24 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Larry Finch,

        Petitioner,

v.                       Civil Action No. 11 0960

E.K. Cauley,

        Respondent.

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on petitioner's application for a writ of *habeas corpus*, accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner is a prisoner at the McDowell Federal Correctional Institution in Welch, West Virginia. In essence, he challenges the sufficiency of the evidence supporting his conviction for aggravated assault and assault with a dangerous weapon following a jury trial in the Superior Court of the District of Columbia. *See* Pet. at 2. Petitioner also claims that he was denied the effective assistance of counsel at trial and that the trial judge was biased in overruling "the defense['s] objection in the rebuttal arguements [sic] . . . . Pet. at 6; *see id.* at 5-6.

It is well established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986),



*cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted). Under District of Columbia law,

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g). The Superior Court and the D.C. Court of Appeals have entertained petitioner's collateral challenges to his conviction. *See* Pet. at 4. As this Court has previously determined, petitioner's lack of success in the local courts does not render his local remedy inadequate or ineffective and petitioner has provided no other basis for finding the local remedy inadequate. *Finch v. United States of America*, Civ. Action No. 10-715 (UNA), Mem. Op. [Dkt. # 3] at 2 (citations omitted). As previously concluded, this Court lacks authority to entertain petitioner's habeas petition. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Ellen S Huck
United States District Judge

Date: May 17, 2011

2